IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HOLLIS DEAN GARMON | CRIMINAL CASE<br>No. 2:20-CR-00038-SCJ-JCF-1 |

## ORDER

This matter appears before the Court on Defendant's Motions to Suppress Statements (Doc. No. [16]), Dismiss Indictment (Doc. No. [17]), and Suppress Evidence (Doc. No. [18]). Regarding the Motions to Dismiss and Suppress Evidence, on March 19, 2021, the Honorable J. Clay Fuller, United States Magistrate Judge, issued a Final Report and Recommendation ("R&R") recommending that Defendant's motions be denied. Doc. No. [29]. Defendant filed objections to the R&R on April 2, 2021. Doc. No. [31]. The Government did not respond to Defendant's objections. This matter is now ripe for review.

I.   BACKGROUND

On July 20, 2020, a federal grand jury sitting in the Northern District of Georgia returned an Indictment charging Defendant with one count of

knowing possession of a firearm while a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. [1]. Specifically, the Indictment alleges that Defendant possessed a Smith & Wesson, model 642, .38 caliber revolver, in and affecting interstate and foreign commerce, while he knew he had been previously convicted of at least one of the following offenses, "each of which was a crime punishable by imprisonment for a term exceeding one year":

> a) Possession of Methamphetamine, in the Superior Court of Forsyth County, Georgia, on or about June 6, 2001;
> b) Possession of Methamphetamine, in the Superior Court of Forsyth County, Georgia, on or about April 22, 2003;
> c) Theft by Deception, in the Superior Court of Forsyth County, Georgia, on or about April 3, 2009; and
> d) Aggravated Assault and Possession of a Firearm by a Convicted Felon, in the Superior Court of Forsyth County, Georgia, on or about August 22, 2011[.]

Doc. No. [1]. Defendant asserts there is no evidence that he traveled with the gun or caused it to travel in interstate or foreign commerce. Doc. No. [17], p. 1. Defendant also asserts there is no evidence establishing where the firearm was manufactured or if it has ever been outside the State of Georgia. Id.

After Defendant entered a verbal plea of not guilty (Doc. No. [6]), he moved to suppress statements (Doc. No. [16]), dismiss the indictment (Doc. No.

[17]), and suppress evidence (Doc. No. [18]). The Court discusses those motions, responses to the motions, the R&R, and objections to the R&R in turn.

### A.  Motion to Suppress Statements

On November 13, 2020, Defendant moved to suppress statements. Doc. No. [16]. Defendant did not identify any statements and instead requested a "pre-trial hearing to determine the voluntariness of any and all statements allegedly made by defendant and to suppress those which are not found to be voluntary." Id. at 1. Magistrate Judge Fuller deferred ruling on the matter to this Court. Doc. No. [19]. After the Court scheduled a hearing for this matter, the Government responded in opposition to the motion, stating that Defendant "did not make any statements to law enforcement," that there is thus nothing to suppress, and that the motion should be denied as moot. Doc. No. [34]. The Court agrees and will deny the motion (Doc. No. [16]) as moot.

### B.  Motion to Dismiss Indictment

Defendant moves to dismiss the indictment against him, first arguing that 18 U.S.C. § 922(g)(1) is unconstitutional as applied because it violates his Second Amendment right to carry a firearm. Doc. No. [17], pp. 2–3. He argues District of Columbia v. Heller, 554 U.S. 570 (2008) recognized that the Second

3

Amendment grants the right to possess and carry weapons in case of confrontation. Id. at 2 (citing Heller, 554 U.S. at 592). He contends that Heller discussed but did not directly address 18 U.S.C. § 922(g)(1), and that there is thus an open question as to whether the statute imposes an unconstitutional limitation of the right to possess a firearm. See id. at 2–3.

He also argues that the statute is facially unconstitutional because it infringes on a fundamental constitutional right and cannot withstand any level of scrutiny regardless of what argument the Government presents. See id. at 3–5. Further, he contends that the statute violates the right to equal protection under the Fifth Amendment because "many states have schemes that allow felons to regain their right to bear arms," which produces disparate results in one's ability to regain the right to possess firearms. See id. at 5. Finally, Defendant argues the statue is unconstitutional facially and as applied because it exceeds Congress's authority under the Commerce Clause and the weapon at issue is not shown to have been in interstate commerce when in Defendant's possession or control. Id. at 6–9. Defendant acknowledges that the Eleventh Circuit has rejected his argument. Id. at 8 (citing United States v. Scott, 263 F.3d 1270, 1271–74 (11th Cir. 2001)).

4

The Government responded in opposition, arguing that Defendant's position has no merit because the Eleventh Circuit has "clearly" decided that 18 U.S.C. § 922(g)(1) is constitutional under all Defendant's arguments. Doc. No. [24], pp. 1–11. It further contends that the Eleventh Circuit categorically bars as-applied challenges to the statute. Id. at 3. The Government also argues that "[m]ost courts to consider the issue have" also found that felons are necessarily removed from the class of law-abiding citizens for purposes of the Second Amendment. Id. at 4–5 (citing cases). And in courts where the relevant two-step analysis has proceeded to the second step, those courts have found that 18 U.S.C. § 922(g)(1) passes intermediate scrutiny because the statute reasonably relates to the government's important interest in preventing crimes and is reasonably tailored to further that interest. Id. at 5–7.

### C. Motion to Suppress Evidence

Defendant also moves to suppress evidence, arguing the evidence was seized because of a search warrant for which there was no probable cause. Doc. No. [18], p. 1. Specifically, Defendant argues that the application for the underlying search warrant asserted that two family members of Defendant had stated that Defendant carried firearms and was using methamphetamine, but

5

the warrant does not convey exactly who supplied that information or when they supplied it. Id. at 1–3. Therefore, Defendant argues, the judicial officer who issued the search warrant could not have considered the veracity of the witness statements and could not have determined whether their statements provided a substantial basis for probable cause. Id. at 3–5. Defendant also argues that this information had been given to law enforcement officers at least seven months prior to the execution of the search warrant and was thus "stale," which further negates a finding of probable cause. See id. at 6–7.

The Government responded in opposition, arguing that under the totality of the facts and circumstances, and given the statements by Defendant's family members and others, the warrant contained sufficient probable cause to search Defendant's residence. Doc. No. [23], pp. 1, 3–10. And even if the warrant lacked probable cause, "the officers relied on a search warrant signed by a magistrate judge in good faith." Id. at 1, 11–12. The Government also argues that the information supporting the warrant was not stale because the information concerned Defendant's possession of firearms, which was not likely to have changed in the time between the family members' report and the execution of the search warrant. See id. at 10–11. Alternatively, the Government

argues that the Court should deny the motion because Defendant "was required to submit his residence to a search, at the request of law enforcement, with or without a warrant, as a condition of his probation." Id. at 1, 13–14.

### D. R&R

Magistrate Judge Fuller entered an R&R recommending that Defendant's motions be denied. Doc. No. [29]. The Court incorporates by reference the R&R's factual and procedural background. Id. at 1–2. As to the Motion to Dismiss, Magistrate Judge Fuller found that Defendant's arguments concerning 18 U.S.C. § 922(g)(1) "are unsupported by Heller and foreclosed by binding Eleventh Circuit precedent." Id. at 3–4. Heller and other binding decisions have either strongly indicated or directly stated that 18 U.S.C. § 922(g)(1) is not unconstitutional. See id. at 4–6. Magistrate Judge Fuller observed that the Eleventh Circuit has repeatedly rejected Defendant's specific Heller-based Second Amendment arguments. Id. at 6. Magistrate Judge Fuller also rejected Defendant's Fifth Amendment argument, relying on decisions from this district and courts outside the Eleventh Circuit finding that state-to-state variation in rules allowing for felons the restoration of the right to carry firearms does not render 18 U.S.C. § 922(g)(1) unconstitutional. Id. at 6–9.

7

Further, Magistrate Judge Fuller rejected Defendant's Commerce Clause and Tenth Amendment arguments, citing Eleventh Circuit decisions holding that 18 U.S.C. § 922(g)(1) is not a facially unconstitutional exercise of Congress's Commerce Clause powers. Id. at 9–10.

As to Defendant's Motion to Suppress Evidence, Magistrate Judge Fuller found it unnecessary to determine whether probable cause was established because the good faith exception to the exclusionary rule applies. Id. at 14. In particular, Magistrate Judge Fuller described the relevant standard laid out in United States v. Leon, 468 U.S. 897 (1984) and found that Defendant made arguments concerning only one of the circumstances considered under Leon: that "the affidavit was so lacking in indicia of probable cause to believe that evidence of a crime would be found at Defendant's residence that official belief in its existence was unreasonable." Id. at 14–17. Magistrate Judge Fuller found that the information in the affidavit supporting the application for a search warrant contained sufficient information to support probable cause because it showed that people close to Defendant, including family members, "had reported to Defendant's probation officer their specific observations of Defendant with two firearms and ammunition and his drug use." Id. at 17–18.

8

Magistrate Judge Fuller also found that the affidavit supplied facts to support a reasonable belief that Defendant was located at the address that was the subject of the search warrant and that the firearms would be there. Id. at 18–19. Finally, Magistrate Judge Fuller found no evidence that law enforcement officials seeking and executing the warrant acted in any manner that would have triggered the exclusionary rule.

### E.     Defendant's Objections

Defendant objects to the R&R's conclusions as to both the Motion to Dismiss the Indictment and the Motion to Suppress Evidence. Doc. No. [31]. As to the Motion to Dismiss, Defendant first argues that the R&R erred in finding that 18 U.S.C. § 922(g)(1) does not violate Defendant's Second Amendment rights. Id. at 1–2. He reasserts his earlier arguments that Heller does not address the constitutionality of § 922(g) and that subsequent Eleventh Circuit decisions finding that § 922(g) is constitutional rely only on dicta from Heller. Id. Defendant also objects to the R&R's finding concerning his Fifth Amendment challenge, arguing that Magistrate Judge Fuller erroneously relied on cases from other jurisdictions to find that no Fifth Amendment violation results due to the state-by-state disparities in restoring rights to possess firearms as a felon.

9

Id. at 2–3. Finally, Defendant objects to the R&R's finding that § 922(g)(1) does not exceed Congress' Commerce Clause authority, arguing the Commerce Clause does not allow Congress to criminalize the purely intrastate possession of a firearm only because it crossed state lines prior to a person's possession of it. Id. at 3. Defendant acknowledges that Eleventh Circuit precedent binds this Court regarding this issue. See id.

Next, Defendant objects to the R&R's conclusion that the Motion to Suppress Evidence should be denied under the "good faith" doctrine. Id. at 3–4. Defendant argues that Magistrate Judge Fuller erred in finding that the good faith exception applies when there is no information as to who provided the information supporting probable cause, nor when it was provided. Id. at 4. Relatedly, Defendant argues that Magistrate Judge Fuller erred in finding that the warrant was not "stale" because there is no information concerning when the alleged family members provided the underlying information, and the email from the probation officer was from seven months prior to the execution of the search warrant. Id. at 4–5.

The Government did not file a response to Defendant's objections. The Court rules as follows.

10

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667 (1980).

For a party's objections to warrant *de novo* review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The Eleventh Circuit has noted that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the

11

magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

## III. ANALYSIS

The Court first discusses Defendant's objections as to the R&R's conclusions regarding the Motion to Dismiss. Then the Court turns to Defendant's objections as to the R&R's conclusions regarding the Motion to Suppress Evidence.

### A. Motion to Dismiss Objections

Defendant has specifically objected to the R&R's conclusion that 18 U.S.C. § 922(g)(1) does not violate Defendant's Second Amendment rights. Upon *de novo* review, the Court agrees with the R&R's findings. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend II. As the R&R discussed, binding Eleventh Circuit decisions preclude Defendant's arguments stemming from Heller. See, e.g., United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010) (stating that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes

of people"). Those decisions bind this Court. Furthermore, the Supreme Court reiterated after Heller that it did not intend to "cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010) (quotation omitted). The Court therefore denies Defendant's Motion to Dismiss the Indictment on the basis that 18 U.S.C. § 922(g)(1) violates the Second Amendment.

Next, Defendant objects to the R&R's rejection of his argument that disparate state-by-state effects of § 922(g)(1) violate the Fifth Amendment. First, the Court notes that Defendant's objection is a cursory re-hash of his initial arguments and borders on the type of general objections that this Court need not consider. In any event, the argument is without merit. Numerous courts have considered and rejected this exact Equal Protection challenge to § 922(g)(1). See, e.g., United States v. Jones, 673 F. Supp. 2d 1347, 1355–56 (N.D. Ga. 2009), adopted by 673 F. Supp. 2d 1347, 1348 (N.D. Ga. 2009) (citing cases). To the extent intermediate scrutiny were to apply, as some courts have found, the statute survives the intermediate scrutiny analysis. Its dependence on state law, and the disparate results that result from that scheme, survive this level of scrutiny because the government interest in preventing crime is substantial and

§ 922(g)(1), which forbids felons from possessing firearms, is substantially related to addressing that end. See id. at 1355 (citing cases); United States v. Daniels, No. 13-CR-00523-WHO, 2015 WL 1743746, at *9 (N.D. Cal. Apr. 16, 2015) (citing cases finding the same). The Court therefore denies Defendant's Motion to Dismiss the Indictment on the basis that 18 U.S.C. § 922(g)(1) violates the Fifth Amendment.

Finally, the Court rejects Defendant's objections to the R&R's conclusion that 18 U.S.C. § 922(g)(1) does not exceed Congress's authority under the Commerce Clause. Defendant explicitly acknowledges that the R&R relies on "the binding authority of United States v. Jordan, 635 F.3d 1181 (11th Cir. 2011)." Doc. No. [31], p. 3. Defendant objects based on "a possibility" raised in a Supreme Court concurrence. Notably, Defendant does not raise an objection concerning the facts specific to his case—that his firearms allegedly did not travel in or otherwise interact with interstate commerce. Upon review, the Court finds that Eleventh Circuit precedent precludes Defendant's argument. See Jordan, 635 F.3d at 1189 ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement.").

14

The Court therefore denies Defendant's Motion to Dismiss the Indictment on the basis that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause powers.

B. **Motion to Suppress Evidence Objections**

Regarding the Motion to Suppress Evidence, Defendant objects to the R&R's recommendation to deny the motion under the good faith doctrine, arguing that the lack of information concerning the identity of the family members who provided the information, as well as the alleged staleness of the information, both preclude the R&R's finding. Doc. No. [31], pp. 3–5. The Court disagrees. While the specific identities of the family members are not given in the affidavit, the information it provides is detailed and relayed by a reliable source: that a Georgia State Probation Officer informed the Forsyth County Sheriff's Office that Defendant's family members had disclosed that Defendant "carries 2 handguns with ammunition at all times" and that Defendant was still using methamphetamine. Doc. No. [18-2], p. 5. The affidavit also provides information from independent investigation and other, named sources—including Defendant's girlfriend—concerning Defendant's criminal activities and his residence. See id. at 5–6. Notably, Defendant's criminal history

included "threatening law enforcement officers with a firearm," and there was an outstanding arrest warrant for Defendant for having violated the terms of his probation. Id. at 5.

"Under [the] good faith exception to the exclusionary rule, suppression is necessary only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003) (quotation and citation omitted). Courts find that the good faith exception applies when the affidavit is not reckless, dishonest, or so lacking in indicia of probable cause that a reasonable officer could not have believed that the affidavit did not provide probable cause. See United States v. Jones, 149 F. App'x 954, 963 (11th Cir. 2005). To trigger the exclusionary rule—and thereby find that the good faith exception does not apply—the law enforcement conduct must have been "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Herring v. United States, 555 U.S. 135, 144 (2009). As the R&R observes, the Eleventh Circuit has set forth specific circumstances in which the good faith exception does not apply, the only one

of which relevant to this case is "where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002) (quotation and citation omitted).

After review, the Court finds that the R&R properly concluded that the information in the affidavit shows that it was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Martin, 297 F.3d at 1313. Even if Defendant's family members were not named in the affidavit, the affidavit states that a probation officer had informed law enforcement of the family members' statements. It was not unreasonable for the magistrate to have found this information reliable, nor was it unreasonable for law enforcement officers to rely on that information. And while a judicial officer should not rely solely on tips by anonymous sources to issue a warrant, see United States v. Hirschhorn, 649 F.2d 360, 363 (5th Cir. 1981),[1] this affidavit contained information from other sources and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

17

independent law enforcement investigation. Defendant objects to a narrow scope of information in the affidavit, but the entirety of the affidavit shows that there were multiple sources of relevant information, which together are not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Cf. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (stating that "determining whether an informant's tip rises to the level of probable cause" requires the court to "assess the totality of the circumstances," and that "the corroboration of the details of an informant's tip through independent police work adds significant value to the probable cause analysis"). Moreover, the warrant concerned a search for not only the firearms but also Defendant, who was the subject of an outstanding arrest warrant and was believed to reside at the searched residence. See Doc. No. [18-2], pp. 4–5. Therefore, the Court agrees with the R&R that the good faith exception applies.

Concerning the alleged staleness of the information about the firearms, the R&R correctly noted that courts have established no "arbitrary time limitations for presenting information to a magistrate" and that staleness is reviewed on a case-by-case basis, taking into consideration factors such as the maturity of the information, the nature of the suspected crime, the character of

the items sought, and the nature and function of the premises to be searched. Doc. No. [29], pp. 12–13 (citing United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994)). Here, the affidavit indicated that Defendant possessed the firearms "at all times." And because a firearm is not consumable in the manner a drug is, such a statement could reasonably have led the law enforcement officers and the magistrate reasonably to believe that Defendant still retained the firearms and that they would be located at his residence, or at least that there would be "a fair probability of discovering contraband." See United States v. Anton, 546 F.3d 1355, 1358 (11th Cir. 2008). The Court disagrees with Defendant's argument that United States v. Piloto, 562 F. App'x 907, 913 (11th Cir. 2014) is inapplicable. Even if the affidavit did not clarify exactly when family members informed that Defendant possessed firearms, the fact that the item in question was a firearm that was not likely to be dispersed quickly allows for a longer period of time to have elapsed from the tip to the execution of the warrant. See United States v. Deering, 296 F. App'x 894, 898 (11th Cir. 2008). Here, under the totality of the circumstances and the corroborating information in the affidavit, cf. United States v. Bervaldi, 226 F.3d 1256, 1264–65 (11th Cir. 2000), the Court finds that the lapse of at least seven months did not render the affidavit so

lacking in indicia of probable cause that it would have been unreasonable for law enforcement officers to rely on it. Therefore, the Court agrees with the R&R that the good faith exception applies, and Defendant's objections are due to be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Defendant's Motion to Suppress Statements (Doc. No. [16]). Further, the R&R (Doc. No [29]) is **ADOPTED** in its entirety. Defendant's objections (Doc. No. [31]) are **OVERRULED**. Defendant's Motions to Dismiss Indictment (Doc. No. [17]) and Suppress Evidence (Doc. No. [18]) are **DENIED**.

**IT IS SO ORDERED** this 4th day of May, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**